**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clayton Harvey, | No. CV-22-02192-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Health, | |
| Defendant. | |

At issue are Defendant Banner Health's motion to dismiss (Doc. 20) and Plaintiff John Harvey's motion for leave to amend (Doc. 26). Banner Health's motion will be granted, and Mr. Harvey's motion will be denied.

Mr. Harvey's amended complaint accuses Banner Health (presumably through its medical staff) of forcibly injecting him with "mind altering . . . drugs," causing him to enter a "zombie like state." (Doc. 18 at 4.) Mr. Harvey claims this Court has federal question jurisdiction, but his amended complaint fails to identify a federal law giving rise to his claim. Instead, the Court agrees with Banner Health that, charitably read, Mr. Harvey seems to be attempting to allege a form of medical malpractice, which is a state law claim over which this Court lacks subject-matter jurisdiction.

In his proposed amended complaint, Mr. Harvey identifies two federal statutes: 18 U.S.C. § 249, which is a federal criminal statute governing hate crimes and does not give rise to a civil claim, and 38 U.S.C. § 7316, which is a statute that permits the United States

Attorney General to defend medical malpractice cases brought against federal employees. But here there is no allegation that Banner Health is a federal employee, and the Attorney General has not certified such. Instead, by referring to this statute, Mr. Harvey tacitly confirms that, at bottom, he is attempting to plead a medical malpractice claim, which is not a claim arising under federal law.

For these reasons,

**IT IS ORDERED** that Mr. Harvey's motion for leave to amend (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Banner Health's motion to dismiss (Doc. 20) is **GRANTED** and this matter is dismissed for lack of subject-matter jurisdiction.

Dated this 27th day of September, 2023.

Douglas L. Rayes
United States District Judge